## THE MacDIARMID CANDY CO. *v.* SCHWARTZ.

*Contributory negligence — Passenger alights from street car — And passes in front of automobile — Exercise of ordinary care — Question for jury — Charge to jury.*

1. One who alights from a street car, passes behind the same, and thence into the pathway of an approaching automobile, is as a matter of law guilty of contributory negligence, which prevents a recovery of damages, by failing to look before crossing the street, or by looking and failing to see the automobile, or by proceeding across the street in front of such approaching machine after seeing the same.

2. Whether or not a driver of an automobile exercised ordinary care in approaching a street intersection is a question for the jury to determine from all the particular facts and circumstances, and it is error to charge the jury that certain acts or omissions constitute a failure to exercise ordinary care.

(Decided March 26, 1917.)

ERROR:   Court of Appeals for Cuyahoga county.

*Messrs. Gage, Day, Wilkin & Wachner,* for plaintiff in error.

*Messrs. Hart & Hart,* for defendant in error.

LIEGHLEY, J.   The parties stood in reverse order below, and will be mentioned herein in the order they were below.

The plaintiff, Max Schwartz, came in collision with an automobile owned by the defendant, The MacDiarmid Candy Company, in charge of its servant and agent, at the intersection of Wade Park avenue and East 105th street, in the city of Cleveland, Ohio, on the 29th day of September, 1915, and thereby received injuries for which he filed a peti-

tion to recover damages in the court of common pleas. The trial of said action resulted in a verdict in favor of the plaintiff, from which verdict and judgment error is prosecuted to this court.

It appears that the plaintiff was a passenger on a south-bound car at East 105th street, which car stopped north of the intersection of above mentioned streets, from which car plaintiff alighted and passed immediately around the rear and proceeded across East 105th street in the path of an approaching automobile, following a north-bound street car that had just passed; that the lights on said automobile were lighted and a large arc light illuminated the corner or intersection; and that the automobile was traveling at an excessive rate of speed, as stated in the argument.

The witness Herman Wilks, called on behalf of the plaintiff, testified that the plaintiff rounded the rear of said car, looked, went on the devil strip, saw the machine coming, and hastened across the street in front of the machine. The witness Rosa Wilks, called by plaintiff, says she saw him round the rear of the car and cross the street ahead of the machine. The driver, called on behalf of the defendant, says also that the plaintiff came around the rear of the street car and rushed across the street in front of his machine.

The plaintiff gave a little different version of the occurrences there, in that he says he waited until the south-bound car proceeded southward to the Wade Park street car tracks, and then walked across the street on the cross-walk; that he looked but did not see the approaching machine; and that he cleared the machine, except that he was struck on the heel.

Whether we accept the version of the occurrences there as claimed by the plaintiff, that he walked across the cross-walk in front of an approaching machine after looking and failing to see the machine, and after the street car had moved southward (the only effect of which could be to enlarge his field of vision), or accept the version established by the other witnesses, that plaintiff rounded the rear of the south-bound street car while it was at a standstill, and crossed the street at a point not on the cross-walk, in the path of an approaching lighted automobile, at the intersection lighted by an arc light, we are unable to distinguish this case under either version from the following authorities: *Schmidt* v. *Schalm,* 2 Ohio App., 268; *Green* v. *Northern Ohio Traction & Light Co.,* 16 C. C., N. S., 474, and *Shott* v. *Korn,* 17 C. C., N. S., 393. It is apparent to us that under either version the plaintiff did not look in crossing said street, and thereby failed to use his senses for his own safety; or, if he did look and failed to see the automobile, under the circumstances the situation is the same; or if he did look and saw the machine, he dashed across the street in front of the approaching machine. In either event, under the above authorities, he was guilty of contributory negligence as a matter of law under the circumstances of this case, which prevents a recovery.

The court charged the jury, as appears on pages 70 and 71 of the bill of exceptions, in the following language:

"The driver of a vehicle coming to an intersection of two streets in a portion of the city that is closely built up and where street cars are upon both

streets and where the traffic conditions on the street are more than ordinarily large, should give warning of his approach, if he intends to pass through the intersection by ringing a bell or sounding a horn and he should also, in passing through such intersection under such conditions, keep such reasonable lookout ahead and to the right and left, for that matter, as the traffic conditions and circumstances existing at the time demand, and he should have his automobile under such control, or his motor vehicle, if there are persons or vehicles upon the street immediately in front of him, that he may be able to stop the same in case an emergency arises."

We are of the opinion that this language in the charge placed a greater burden upon the driver than that of ordinary care. At all events, the court assumed to tell the jury what acts or omissions would constitute a failure to exercise that degree of care, instead of leaving that question to the jury. While, as claimed, the court in another part of the charge said to the jury that the driver was only obliged to use ordinary care, yet we think in particularizing, in the manner that this part of the charge discloses, no other effect or impression could be left with the jury than to magnify the importance of these acts or omissions called attention to in the determination of the question whether or not the driver of the automobile used ordinary care. We think it was for the jury to say whether or not, under the circumstances then and there existing, the sounding of a horn or ringing of a bell, or some other manner and method of warning was required, if at all, by the driver in the exercise of due care. If we say as a matter of law that a driver at such an inter-

section should ring a bell or sound a horn, then the drivers of the hundreds of machines passing over the many downtown similar intersections, ringing a bell or sounding a horn at each one, would cause endless confusion rather than insure safety; likewise if we say to what extent the driver should keep his automobile under control under the circumstances.

We think that this charge could have no other effect than to place a greater burden upon the driver and minimize the burden upon the pedestrian to exercise due care for his own safety. Both the pedestrian and the driver have a right to anticipate that the other will use ordinary care for his own safety as well as the safety of others. But this charge in a large degree would require a driver to anticipate that a pedestrian may walk across the street without exercising due care for his own safety and almost require the driver to insure the safety of the pedestrian. *Cleveland Electric Ry. Co.* v. *Boltz,* 16 C. C., N. S., 383.

This charge is defended upon the ground that there were in force and effect at the time ordinances of the city of Cleveland, Section 1343*a* and Section 1341-1. These ordinances provide for nothing more than that the vehicle shall be driven in a careful manner and not negligently and with due regard for the safety of pedestrians. The effect of these ordinances can be nothing more than declaratory of the common law. They certainly can not impose a greater duty than that of ordinary care, in our opinion.

We are unanimously of the opinion that the court should have directed a verdict for the defendant at

the close of plaintiff's evidence; that the court erred in giving the charge above referred to, and that therefore the case should be reversed and remanded for further proceedings.

*Judgment reversed, and cause remanded.*

GRANT and CARPENTER, JJ., concur.