**301. CONTRIBUTORY NEGLIGENCE.**
Martin Baking Co. v. Thompkinson, OA. 6 Abs. 130.

**323. COUNTY COMMISSIONERS.**
See 1053. Roads and Highways. Columbus. D. & M. Elect. Co. v. Schlessinger, OA. 6 Abs. 138.

**367. DEEDS.**
See 445. Easements. Aiken v. Cinc., Sand'y & Cleve-Ry. Co., OA. 6 Abs. 135.

**396. DIRECTED VERDICTS.**
Martin Baking Co. v. Tompkinson, OA. 6 Abs. 130.
Laub Baking Co. v. Middleton, OS. 6 Abs. 141.

**398. DISMISSALS.**
See 396. Directed Verdicts. Laub Baking Co. y. Middleton, OS. 6 Abs. 141.

**445. EASEMENTS.**
Aiken v. Cinc., Sand'y & Cleve. Ry Co. et, OA. 6 Abs. 135.

**480. EVIDENCE.**
See 1265. Weight of Evidence. Cleveland Metal Bed Co. v. Kutz, OA. 6 Abs. 143.

**544. FORCIBLE ENTRY AND DETAINER.**
Robinson v. Riley, OA. 6 Abs. 132.

**659. INTERSTATE COMMERCE COMMISSION.**
Det., Tol. & I. Ry. Co. v. Davis, OA. 6 Abs. 142.

**631. JURISDICTION.**
See 957. Probate Court. Geiger v. Geiger, OA. 6 Abs. 140.

**685. JUSTICES OF THE PEACE.**
Robinson v. Riley, OA. 6 Abs. 132.

**719. LIENS.**
See 118. Automobiles. Burns Motor Co. v. Briggs, OA. 6 Abs. 133.

**753. MEASURE OF DAMAGES.**
Dudock v. Alexander, OA. 6 Abs. 136.

**791. MOTIONS AND ORDERS.**
See 396. Directed Verdicts. Laub Baking Co. v. Middleton, OS. 6 Abs. 141.

**829. NEGLIGENCE.**
White Sewing Mach. Co. v. Feisel, OA. 6 Abs. 137.
See 923. Pleadings. Det., Tol. & I. Ry. Co. v. Davis, OA. 6 Abs. 142.

**923. PLEADINGS.**
Det., Tol. & I. Ry. Co. v. Davis, OA. 6 Abs. 142.
See 191. Burden of Proof. Market v. Fouts, OA. 6 Abs. 135.

**941. PRACTICE AND PROCEDURE.**
See 396. Directed Verdicts. Laub Baking Co. v. Middleton, OS. 6 Abs. 141.

**957. PROBATE COURT.**
Geiger v. Geiger, OA. 6 Abs. 140.

(Continued on Page 144)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

### MARTIN BAKING CO. v. TOMPKINSON
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8036. Decided Dec. 5. 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**301. CONTRIBUTORY NEGLIGENCE.**
In suit to recover for injury caused by being struck by automobile, existence of any one of the following conditions, will prevent recovery:
1. Failure to look before crossing street.
2. Looking and failing to see automobile.
3. Proceeding across street in front of approaching machine, after seeing it.

**396. DIRECTED VERDICT.**
Not error to instruct verdict for defendant owner of automobile, where it appears that injured party attempted to cross well lighted street, in front of approaching machine which was in full view, with lamps burning.

**225. CHARGE OF COURT.**
Error to refuse special charge containing language "contributed in the slightest degree." Such language is correct statement of law in Ohio.

Error to Common Pleas.

Judgment reversed.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Baking Co.

S. M. Young, Cleveland, for Tompkinson.

### STATEMENT OF FACTS
Plaintiff, while attempting to cross from the south side of Euclid Avenue to a safety zone, was struck by an automobile truck owned and operated by defendant.

In the Cuyahoga Common Pleas, she recovered a judgment for $3000 for injuries growing out of such accident. Error is prosecuted to this court to reverse that judgment on the grounds that, under the record, plaintiff was guilty of contributory negligence as a matter of law, and that the court committed prejudicial error in refusing to charge the jury as requested.

### OPINION OF COURT.
The following is taken, verbatim, from the opinion.
SULLIVAN, PJ.
It appears unchallenged in the record that the plaintiff left the curb to cross Euclid Avenue to the safety zone, at a time when the automobile truck was proceeding, in conformity to the traffic signal, toward her, in an easterly direction and but a very few feet from her.

If there were any conflict as to the evidence upon this essential point, it would be the duty of the court to submit to the judgment of the

lower court and the verdict of the jury, because it would be a question of fact in conflict, and of which that tribunal would be the final judge, but inasmuch as it is not disputed, and that the plaintiff herein admits that while the truck was in sight she did not see it, this court is bound to follow not only its own view of the law under the record in this case, but the decisions of this very court upon a similar state of facts not only by the Appellate Court of this District, but by the Circuit Court of Hamilton County, which immediately preceded the organization of the Court of Appeals under the Constitution of 1912. In the case of The MacDiarmid Candy Co. v. Schwartz, 11 Ohio App. 303, in an opinion by Lieghley, J., and concurred in by Grant and Carpenter, JJ., there was a reversal and a remanding of the cause, and the first paragraph of the syllabus reads as follows:

"One who alights from a street car, passes behind the same, and thence into the pathway of an approaching automobile, is, as a matter of law, guilty of contributory negligence, which prevents a recovery of damages, by failing to look before crossing the street, or by looking and failing to see the automobile, or by proceeding across the street in front of such approaching machine after seeing the same."

It will be noticed that the court makes three divisions, either one of which determines what is contributory negligence in cases like the one at bar as a matter of law, and which would prevent a recovery:

1. "By failing to look before crossing the street."
2. "By looking and failing to see the automobile."
3. "By proceeding across the street in front of such approaching machine after seeing the same."

To affirm the judgment of the instant case would be in direct conflict with the law as laid down by the MacDiarmid case supra.

In the case of Schott, Admr. v. Akron, 17 C. C. (N. S.) 393, we find the same question arising, and the court, in the syllabus of the case, says as follows:

"It is not error to instruct a verdict for the defendant owner of an automobile, in an action for the death of a pedestrian, where it appears that the deceased attempted to cross a well lighted street in front of the approaching machine, which was in full view with its lamps burning."

Again, from the Schott case, appears the following on page 394:

"From the evidence, it seems clear that Schott was guilty of contributory negligence, and that his death was caused by it. * * * and under the evidence, we think the court was justified in directing the jury to return a verdict for the defendants."

In Schimdt v. Schalm, 20 C. C. (N. S.) 99, we find the same principle upheld.

In view of these authorities and their applicability to the record in this case, we hold that there was error of law in the judgment and verdict below.

At the conclusion of the court's instructions to the jury, a specific request was made that, in addition thereto, the court instruct the jury as follows:

"If the jury find that the plaintiff was negligent and that her negligence directly contributed, in the slightest degree, to cause her injuries, that the jury's verdict must be for the defendant, and this is true although the jury should also find that the defendant was negligent."

The court refused this charge on the ground that it was an undetermined question, as we are told by counsel, and for the further reason that the language in the request, to-wit: "contributed in the slightest degree," was employed.

The court, in its general charge, used the language: "any act of negligence," and the language of the request, as above noted: is "contributed in the slightest degree."

Now it might be said that the view which the court took below as to the similarity and significance of expression, was well taken, had not the Supreme Court decided in Chesrown v. Bevier, 101 OS. 232, that the language, "contributed in the slightest degree," was a correct statement of the law in Ohio, with respect to the acts of contributory negligence, by a person suing for recovery. The court distinguished between the use of the word "any" and the word "slightest," and because of this, the significance in the difference between the use of the two expressions is acknowledged and noted, otherwise it might be said that the language used by the trial court, to-wit "any act of negligence," made it unnecessary to grant the request of the defendant below, to use the words "contributed in the slightest degree."

It is our judgment that, notwithstanding what the court had already said in its general charge, it was prejudicial error to refuse to give the instruction requested.

Inasmuch as the doctrine of last chance was not an issue in this case, under the present state of the record, we do not render final judgment for the plaintiff in error, but with these views, the judgment of the lower court is hereby reversed for error of law, and the cause remanded for further proceedings under the statute.

(Levine and Vickery, JJ., concur.)