## GALIARDI v BOWMAN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Sept 10, 1935

D. F. Rendinell, Youngstown, for plaintiff in error.

Peter B. Betras, Youngstown, for defendant in error.

KLINGER and GUERNSEY, JJ, (3rd Dist) sitting by designation.

## OPINION

**By GUERNSEY, J.**

There are a number of assignments of error specified in the brief, but in the view we take of this case it is necessary to consider only one of such assignments as a consideration of this assignment disposes of the entire case. The assignment referred to is error of the court in overruling motions for directed verdict on the ground that under the plaintiff's own evidence he was guilty of contributory negligence as a matter of law which would bar him from recovery.

Insofar as the assignment of error above mentioned is concerned, the uncontroverted facts as shown by the record are as follows:

West Federal Street is a main thoroughfare in the city of Youngstown, extending in a general easterly and westerly direction. It is paved to a width of forty feet and there are two lines of street car tracks in the center of the street. The track on the south side of the street is for eastbound street cars going toward the center of the city, and the track on the north side of the street is for west bound cars. Federal Street is intersected by a number of north and south streets, including Pershing Street, westerly of the intersection of which street with Federal Street the collision occurred. East of the intersection with Pershing Street, Federal Street runs in a straight line for several thousand feet, but west of the intersection, and about in the middle of the block, there is a sharp turn in the direction of Federal Street. The street car stop for eastbound cars on Federal Street is indicated by a mark on a post on the south side of Federal Street, located fifteen or more feet west of the intersection of Federal Street and Pershing Street.

On the day in question the defendant was operating his automobile westerly on Federal Street toward, across and beyond Pershing Street, having proceeded uninterruptedly westerly along Federal Street for a number of city blocks before coming to the place where the collision occurred. While the defendant testified that he was operating his car at a rate of speed of from eighteen to twenty miles per hour, there was testimony of other witnesses to the effect that the defendant immediately prior to the collision was operating his car at a speed of from thirty-five to forty miles per hour.

The plaintiff, according to his own testimony, previous to the collision had been standing on the sidewalk near the north curb of Federal Street at the point about fifteen feet west of the west curb of Pershing Street, although on cross-examination he stated that he was standing about fifteen feet east of the entrance to a soup kitchen on Federal Street which was about ninety-nine feet west of the west curb of Pershing Street, and which would make his position eighty four feet from the west curb of Pershing Street, and that from the position where he was standing he could see automobiles approaching from the east on Federal Street for several blocks, and from this position he could also see a street car coming easterly toward Pershing Street around the bend in the block on Federal Street between Spruce Street and Pershing Street. Plaintiff further testified that he desired to board an eastbound street car at the stop on the south side of Federal Street and that when he saw the street car approaching from the west around the bend on Federal Street he looked to his left on Federal Street and saw no automobiles approaching from that direction and looked to his right and saw a street car, which he desired to board, approaching on the south line of tracks from the right, and that he then proceeded to cross the street from the point he had been standing, toward the street car stop, making no further effort to look to his left, but looking to the right and observing the approach of the street car toward the stop.

It will be noted that from the plaintiff's own testimony that the place where the plaintiff attempted to cross the street was at some distance either ten feet or eighty-four feet from the regular street crossing on the west side of Pershing Street across Federal Street. The plaintiff further testi-

454

fies that he had crossed the north rail of the westbound street car track and observed the street car approaching from his right, but knew nothing more about what happened until he awoke in the hospital following the collision. After the collision the plaintiff's body was lying either on the north rail of the westbound track or on the north rail of the east bound track, there being a conflict as to its exact location. Plaintiff further testified that an automobile owned by one Pete Coril may have been parked to his left on the north side of Federal Street at the time he entered Federal Street, going across to get the street car, but that he saw no truck parked to his left.

The defendant testified that after he had crossed the intersection of Federal Street and Pershing Street the plaintiff darted out in front of a truck which was parked on the north side of Federal Street near the soup kitchen when defendant's car was on a line with the rear of said truck, and that plaintiff at this time was crossing the street at a distance of about fifteen feet ahead of defendant's automobile, and that the defendant put on his brakes and turned his car toward the left to avoid hitting the plaintiff, but that he struck plaintiff with the right front fender of his car, knocking the plaintiff down on the north rail of the west bound track, and that after striking the plaintiff, defendant swerved his car to the right to avoid collision with the approaching street car and stopped at a point about fifteen feet beyond where the plaintiff's body laid on the street car tracks. The plaintiff was severely injured as a result of the collision.

Plaintiff further testified that he could see an automobile approaching from the east at least a thousand feet, but that he did not see any automobile approaching from the east.

If the plaintiff had walked at an ordinary gait of four miles per hour, or 5.84 feet per second, it would have taken him but three and a half seconds to proceed from the north curb to the center of Federal Street, where the collision occurred. If the defendant was operating his car at twenty miles per hour, or 29.3 feet per second at this time, his car would have been at a distance of only 102.5 feet east of the position where plaintiff was standing on the north curb of Federal Street, three and a half seconds before the collision, and if the defendant was operating his car at a speed of forty miles per hour, his car would have been at a distance of 205 feet east of the plaintiff at the time plaintiff started

to cross the street. So that, in any event, at the time the plaintiff testifies that he looked to the left as he started to cross the street, the defendant's car could not have been more than 205 feet from him.

Plaintiff, according to his own testimony, was attempting to cross the street at a place other than the regular crossing. Under the provisions of §6310-36 GC, it was the duty of the plaintiff not to step into the highway without looking in both directions to see what was approaching.

Construing the evidence most strongly in plaintiff's favor, reasonable minds can come to but one conclusion, and that is that if plaintiff had looked to the left as he stepped into the highway, he would have observed the approach of defendant's automobile from the east; that plaintiff either did not look to the left as he started to cross the highway, or looked and saw the car approaching and voluntarily assumed the risk of crossing the street in front of defendant's car. In either event, the causal relation between the plaintiff's conduct and the collision is so close that reasonable minds can come to but one conclusion, and that is that such conduct on the part of the plaintiff was a proximate cause of the collision and that plaintiff was guilty of contributory negligence as a matter of law which precludes recovery. The Martin Baking Company v Thompkinson, 27 Oh Ap, 355 (6 Abs 130). Also 4 O. J., 635.

We are therefore of opinion that the trial court erred in overruling the motions of the defendant for a directed verdict in his favor, and this court, entering the judgment the trial court should have entered, will enter final judgment in favor of the plaintiff in error, at costs of defendant in error.

KLINGER, J, concurs.